Filed 7/31/14  P. v. Kent CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049669 |
| v. | (Super. Ct. No. 06WF3671) |
| DAVID NEIL KENT, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Michelle C. Zehner, under appointment by the Court of Appeal, for Defendant and Appellant.

\*          \*          \*

A jury convicted David Neil Kent of possessing child pornography (Pen. Code, § 311.11, subd. (a)(1)), all statutory references are to the Penal Code unless noted), attempting to distribute child pornography (§ 311.2, subd. (c); § 664), and distributing child pornography (§ 311.2, subd. (c)).  It also convicted him of possessing methamphetamine for sale (Health & Saf. Code, § 11378) and possessing cocaine (Health & Saf. Code § 11350).

The court imposed a sentence of three years and four months,[1] but suspended execution of the sentence and placed Kent on probation under various terms and conditions, including a 365-day jail term and lifetime registration as a sex offender. We affirmed the judgment.  (*People v. Kent* (Nov. 25, 2013, G047157) [nonpub. opn.].)

In July 2013, the probation officer filed a petition alleging Kent violated probation.  In January 2014, the probation officer filed a second violation petition.  The trial court found Kent violated probation and lifted the suspension of his sentence.

Kent's appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel summarized the facts of the case, the procedural history, and possible legal issues with citations to the record and appropriate authority, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable issues.  Counsel did not argue against her client or assert the appeal was frivolous.  Counsel submitted a declaration stating she reviewed the case, she advised Kent of the nature of the brief, she sent Kent a copy of the brief and the appellate record, and informed him he could file a brief on his own behalf.  Counsel did not seek to withdraw, but she advised Kent he could move to

---

[1]     At the original sentencing, the trial court misstated the aggregate term as *four* years and four months, and we repeated the error in our prior opinion.

2

have counsel relieved.  We gave Kent 30 days to file a supplemental brief.  He did not avail himself of the opportunity.

FACTS AND PROCEDURAL BACKGROUND

On July 19, 2013, the probation department filed a petition alleging Kent violated his probation.  According to the petition, Kent was required as condition of his probation to submit his person and property to search and seizure at any time of the day or night by probation officers or law enforcement personnel.  He was also required to "not subscribe to or have access to any form of on-line internet service, without written permission of the probation officer."

According to the petition, on July 17, 2013, Kent failed to provide the passcode to an Apple iPod device found in his bedroom upon demand of the probation officer.  A search of the iPod revealed Kent "had multiple automatic Wi-Fi wireless network connections for internet access in the vicinity of his residence" and "[t]he device also showed [Kent] had recent correspondence with use of multiple email accounts and accessed Craiglist's personal posting."  Under the heading "Circumstances of the Violation," the petition recounted that during the search of Kent's bedroom, an iPod was found and Kent "was directed to provide the pass code to the iPod device; however, he claimed he did not know it and that the iPod belonged to his sister.  The undersigned [probation] officer[2] contacted [Kent's] sister Susan C. and learned she had two iPod devices, one in her possession and the other she did not know of its whereabouts."  Susan

---

[2]     The petition provides near the bottom of the first page the statement, "I declare under penalty of perjury that the foregoing is true and correct."  The copy of the petition in our record does not include a signature, but contains the printed statement it is "by" Jerrold K Suclla, Supervising Probation Officer, "[o]n behalf of Con Van Nguyen," "Supervising Probation Officer."  The court did not admit the petition as evidence, and neither Suclla nor Nguyen testified at the violation hearing.

was evasive about whether she allowed Kent to use her iPod, but she provided a pass code that unlocked the device found in Kent's bedroom. "Upon inspection of the iPod, it was learned the device had multiple automatic Wi-Fi wireless connections for internet access in the vicinity of [Kent's] residence. There were multiple e-mail address accounts with [Kent's] name and his mobile phone number was found in some of his e-mail correspondences. The most recent e-mail correspondence was dated July 15, 2013 between the probationer and a known associate" of Kent's. The petition also provided other information indicating Kent's performance on probation was "extremely poor" in the probation officer's opinion.~

On January 8, 2014, the probation department filed a second petition alleging Kent violated his probation: "On or about December 17, 2013, a forensic search of the probationer's Apple iPod 4 was completed in the High Technology Lab of the Orange County Probation Department. The Extraction Report provided 190 entries of Internet Web History from April 20, 2013 to July 11, 2013."[3] Under the heading "Circumstances of the Violation," the petition stated the district attorney requested a forensic search of the iPod, the ensuing extraction report was 1,896 pages, the report reflected the device had been used to perform various Internet searches involving sexual matter and drugs.

On January 9, 2014, the prosecutor filed a brief on the admissibility of evidence at a probation revocation hearing. It noted reliable hearsay was admissible. The brief did not address the specific evidence in the case.

Jason Doud testified at the January 9, 2014 probation violation hearing he was a probation officer assigned to the sex crimes unit. He and Kent's probation officer,

---

[3]     This petition was "by" David P. Haner, Supervising Probation Officer, "[o]n behalf of Jason Doud," "Supervising Probation Officer."

4

Van Nguyen, searched Kent's bedroom on July 17, 2013, and found an iPod. Doud gave the iPod to Eric McCully in the department's high technology crime lab. Doud received a forensic or extraction report reflecting the iPod accessed the Internet on dates ranging from April 20, 2013 through July 11, 2013.

The court overruled Kent's objections to the foundation for the extraction report, and Doud's qualifications. Counsel noted there were "two separate violations" or petitions filed, and asked "which one the prosecution is going on." The prosecutor responded "both." Kent apparently supplied health records (not in the appellate record) showing he was hospitalized until June 27 "which was pretty well close to when this incident happened."

The court took a recess to review documents (not in the appellate record) and found Kent violated probation. The court noted it "doesn't find that [] discussion of what appears to be consensual – consensual adult contact via e-mail between two people is in any way a violation." The court scheduled a sentencing hearing.[4]

At the sentencing hearing on January 30, 2014, the court stated it had considered "extensive additional documents" provided by Kent (not in the appellate record). It lifted the stay of the previously imposed prison sentence. The court credited Kent with the actual days spent in jail as a condition of probation and following his arrest for the probation violation, plus applicable conduct credits.

Kent filed a notice of appeal February 11, 2014, indicating he was appealing after a contested probation violation. (§ 1237, subd. (b).) Appointed appellate

---

[4] In early December 2013, Kent file a motion to dismiss the probation violation proceeding on due process grounds, arguing he had been arrested July 17, and he had not been provided a hearing within a reasonable time. At the violation hearing, counsel complained "they waited so long to bring forth this information about the extraction." The court evidently denied the motion to dismiss.

counsel advised this court of possible issues, including whether Kent's trial counsel performed ineffectively, whether sufficient evidence supported Kent's probation violation, and whether the court correctly calculated Kent's custody and conduct credits.

DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record and discern no arguable issue. Kent has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106 [appellate court must address issues raised personally by appellant in a *Wende* proceeding]), nor has he requested to have appellate counsel relieved. Consequently, we affirm the judgment. (*Wende*, *supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.

ARONSON, J.

WE CONCUR:

O'LEARY, P. J.

FYBEL, J.

6